|  | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | **FILED & ENTERED**<br><br>**JAN 08 2010**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** chackel **DEPUTY CLERK** |

| In re:<br>Jose S Arias,<br>Alidia R Arias<br><br>Sandra McBeth | Debtor(s). | CHAPTER: 7 |
|---|---|---|
| | | CASE NO.: 9:09-bk-14770-RR |
| | Trustee. | DATE: January 6, 2010<br>TIME: 9:00 AM<br>CTRM: 201<br>FLOOR: 2nd |

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
**(MOVANT: Wells Fargo Bank, National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5, Mortgage Pass-Through )**

1. The Motion was:  ☐ Contested  ☒ Uncontested  ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):
   *Street Address:* **1660 La Cumbre Road**
   *Apartment/Suite No.:*
   *City, State, Zip Code:* **Nipomo, CA 93444**

   Legal description or document recording number (including county of recording):


   ☐ See attached page.

3. The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                    **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Jose S Arias | | | |
| Alidia R Arias | | Debtor(s) | CASE NO: 9:09-bk-14770-RR |

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local goverrnmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:
    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
    d. ☐ See attached continuation page for additional provisions.

Dated: 01/08/2010

*Robin Riblet*

_____
UNITED STATES BANKRUPTCY JUDGE

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                          **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Jose S Arias | | | |
| Alidia R Arias | | Debtor(s) | CASE NO: 9:09-bk-14770-RR |

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362 Was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of    1-6-10   , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

donna@mcbethlegal.com
ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Jerry Namba
625 East Chapel Street
Santa Maria, CA 93454

Jose S Arias, Jr.
Alidia R Arias
1660 La Cumbre Lane
Nipomo, CA 93444

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                           **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Jose S Arias | | | |
| Alidia R Arias | | Debtor(s) | CASE NO: 9:09-bk-14770-RR |

# SERVICE LIST

Christopher M McDermott
4375 Jutland Dr Ste 200
San Diego, CA 92117

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                         **F 4001-1O.RP**

MIN: 1002564-2006080352-4

# ADJUSTABLE RATE NOTE

(LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)

*THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY. THIS NOTE ALLOWS MONTHLY PAYMENT OPTIONS FOR AN INITIAL PERIOD. THIS NOTE MAY REQUIRE UNPAID INTEREST TO BE ADDED TO LOAN PRINCIPAL AND REQUIRE ME TO PAY ADDITIONAL INTEREST ON THE UNPAID INTEREST (NEGATIVE AMORTIZATION).*

OCTOBER 16, 2006              PETALUMA                    CALIFORNIA
       [Date]                   [City]                       [State]

1660 LA CUMBRE LANE, NIPOMO, CALIFORNIA 93444
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 463,200.00    (this amount is called "Principal"), plus interest, to the order of Lender. Lender is   FIRST CALIFORNIA MORTGAGE COMPANY, A CALIFORNIA CORPORATION
I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     7.875 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will make my monthly payments on the   1st   day of each month beginning on  DECEMBER 1, 2006         . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal, if any. If, on  NOVEMBER 1, 2036         , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   5401 OLD REDWOOD HWY. N., SUITE 208, PETALUMA, CALIFORNIA 94954
or at a different place if required by the Note Holder.

(B) Amount of My Monthly Payments

I will pay interest by making payments in the amount of U.S. $ 1,881.75    (the "Minimum Payment") every month until either (i) the first Interest Rate Change Date set forth in Section 4(A), or (ii) payment of the Minimum Payment on my next scheduled payment date would cause my principal balance to exceed the Maximum Limit set forth in Section 3(D), whichever event occurs first (the "Option Period"). The Minimum Payment is calculated based upon the amount of interest that will accrue each month at a rate equal to    4.875 %.

5 YEAR OPTION ARM NOTE - MULTISTATE - BSR 4008
MTA - LIBOR SIX MONTH INDEX 05/09/06              Page 1 of 6

DocMagic *eForms* 800-649-1362
www.docmagic.com


FIRST AMERICAN TITLE COMPANY

By: _____

Us40081.bsr.1.tem

EXHIBIT 1

13